UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
TYRONE HOLMES,

                Plaintiff,

          -against-

PARADE PLACE, LLC; SAADIA M. SHAPIRO,
A/K/A SAADIA M. SHAPIRO, ESQ.; MARLA
SHAPIRO; 75 EAST 125TH, LLC; RISHUM TITLE
AGENCY & LAND SERVICES, LLC; CHICAGO
TITLE INSURANCE COMPANY; COHEN
TAUBER SPIEVACK & WAGNER, LLP;
LIBERTY POINTE BANK/VALLEY NATIONAL
BANK,

                Defendant.
------------------------------------- X

MEMORANDUM DECISION
AND ORDER
12 Civ. 6299 (GBD)(DF)

GEORGE B. DANIELS, District Judge:

Plaintiff filed suit alleging that, in 2006, he and a church were fraudulently induced to enter into a real estate development deal that the Defendant Developers intended to breach and swindle the property away from Plaintiff and the church. Defendants have filed various motions to dismiss,[1] each challenging the Court's subject matter jurisdiction based on a lack of complete diversity of the parties. Plaintiff Tyrone Holmes does not dispute that there is no complete diversity of the parties to the action. Plaintiff argues, however, that the Complaint, which was filed *pro se* prior to retaining counsel, should be liberally construed to plead a claim for civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), *12 U.S.C. §§ 1961, et seq.*, which would bring the Complaint under federal question jurisdiction. In the

---

[1] ECF 4 (filed by defendant Cohen Tauber Spievack & Wagner, P.C.); ECF 14 (filed by defendant LibertyPointe Bank/Valley National Bank); ECF 24 (filed by defendants Parade Place LLC, Rishum Title Agency & Land Services LLC, Marla Shapiro, and Saadia M. Shapiro); ECF 30 (filed by defendant 75 East 125th, LLC); ECF 71 (filed by defendant Chicago Title Insurance Company).

1

alternative, Plaintiff seeks leave to amend the Complaint to explicitly plead a federal RICO claim. (ECF 43). The Court referred the matter to Magistrate Judge Debra Freeman for her Report and Recommendation. Magistrate Judge Freeman determined that Plaintiff's original Complaint, even if read liberally, could not assert a colorable RICO claim. Magistrate Judge Freeman recommended that this action be dismissed for lack of subject-matter jurisdiction.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. *28 U.S.C. § 636(b)(1)(C)*. When parties object to the Report, the Court must make a *de novo* determination of those portions of the Report to which the objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See Fed. R. Civ. P. 72(b)*; *28 U.S.C. § 636(b)(1)(C)*. The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 2005) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When the parties make no objections to the Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In her Report, Magistrate Judge Debra Freeman advised the parties that, pursuant to 28 U.S.C. § 631(b)(1) and Federal Rule of Civil Procedure 72(b), failure to file timely objections to the Report would result in waiver of objections and preclude appellate review. (ECF 77). No party objected to the Report. As there is no clear error on the face of the record, this Court adopts Magistrate Judge Debra Freeman's Report in its entirety.

2

## I. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS

A claim is properly dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A plaintiff must show by a preponderance of the evidence that subject matter jurisdiction exists when jurisdiction is challenged. *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003). The Court may examine evidence outside of the pleadings in making its determination as to whether it has subject matter jurisdiction. *See Makarova*, 201 F.3d at 113. Further, an affirmative showing of jurisdiction "is not made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citing *Norton v. Larney*, 266 U.S. 511, 515 (1925)).

Plaintiff concedes lack of diversity jurisdiction. Plaintiff argues, however, that the Court has federal-question jurisdiction because the Complaint, read liberally, states a civil RICO claim.[2] *(Dkt. 45, at 5-9)*. The Court has federal-question jurisdiction over actions "arising under" federal law. *28 U.S.C. § 1331*. Federal jurisdiction under 28 U.S.C. § 1331 is sustained only if the complaint "allege[s] a claim that arises under the Constitution or laws of the United States and that is neither made solely for the purpose of obtaining jurisdiction nor wholly insubstantial and frivolous." *Carlson v. Principal Fin. Grp.*, 320 F.3d 301, 306 (2d Cir. 2003). Under the well-pleaded complaint rule, a suit "arises under" federal law only when a plaintiff's statement of his cause of action shows that it is based upon federal law. *Vanden v. Discover*

---

[2] Under the RICO statute, "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court." *18 U.S.C. § 1964(c)*.

3

*Bank*, 556 U.S. 49, 60 (2009); *see also Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1189 (2d Cir. 1996).

Magistrate Judge Freeman correctly determined that Plaintiff's original Complaint, even when liberally construed, does not assert a RICO claim. Magistrate Judge Freeman also correctly found that the original Complaint fails to show that it is based on federal law. It alleges only state common-law claims, none of which purports to "seek recovery under federal law or the Constitution." *Nowak*, 81 F.3d at 1189. Further, the Complaint fails to allege any conduct that facially implicates a federal claim. *Cf. Homeless Patrol v. Joseph Volpe Family*, No. 09 Civ. 3628 (GBD) (FM), 2010 WL 2899099, at *15 (S.D.N.Y. June 29, 2010), *report and recommendation adopted by* No. 09 Civ. 3628 (GBD) (FM), 2010 WL 2899076 (S.D.N.Y. July 22, 2010) (construing plaintiff's pro se complaint to include a federal RICO claim, where the plaintiff had peppered his Amended Complaint with the word "racketeering" and had alleged that certain defendants had communicated illegally by mail as members of a federal conspiracy).

Here, Plaintiff argues that the alleged common-law fraud was committed through the mail or through electronic wires and, thus, constitutes mail fraud or wire fraud in violation of civil RICO. (*See* ECF 45, at 6). Plaintiff further alleges that this purported mail or wire fraud supports an inference of a "pattern-of-racketeering activity," which must be pleaded to satisfy the elements of civil RICO. (*See* ECF 45, at 6). Magistrate Judge Freeman correctly determined that these allegations are not supported by any pleaded facts about Defendants' use of the mail or electric wires and cannot be reasonably inferred.

Magistrate Judge Freeman also correctly found that Plaintiff has not affirmatively shown the Court's jurisdiction in this case, but rather has improperly relied solely on inferences drawn from the complaint. *See APWU*, 343 F.3d at 623. The Court cannot find subject matter

4

jurisdiction based solely on Plaintiff's purported federal claim, which is neither well-pleaded nor factually supported. Plaintiff's Complaint accordingly must be dismissed for lack of subject-matter jurisdiction, unless it can be saved by the proposed amendment.

## II.  PLAINTIFF'S PROPOSED AMENDMENT WOULD BE FUTILE

This Court must "freely give leave [to amend] when justice so requires." *Fed. R. Civ. P. 15(a)(2)*. A Rule 15(a) motion to amend is denied if there is an "apparent or declared reason" such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of an amendment, or "futility" of amendment. *Dluhos v. Floating and Abandoned Vessel, Known as "New York,"* 162 F.3d 63, 69 (2d Cir. 1998) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). An amendment is "futile" if the proposed new claim would not withstand a motion to dismiss under Federal Rule of Procedure 12(b)(6). *Panther Partners, Inc. v. Ikanos Communications, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

Rule 12(b)(6) standards apply, therefore, when a proposed amendment is challenged as "futile." Under Rule 12(b)(6), a case is dismissed if it fails to state a claim upon which relief can be granted. *Fed. R. Civ. P. 12(b)(6)*; *Kopec v. Coughlin*, 922 F.2d 152, 155 (2d Cir. 1991). The Court, in deciding a Rule 12(b)(6) motion, "accept[s] as true all factual statements alleged in the complaint and draws all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted). However, to defeat a motion to dismiss, a plaintiff must show more than mere "conclusory allegations" or "legal conclusions masquerading as factual conclusions." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) (citation omitted). A complaint must state a plausible claim for relief to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679

(2009). "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Starr v. Sony BMB Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 666).

Plaintiff seeks to file his proposed amended Complaint to add the Church as a plaintiff and to assert a civil RICO claim.[3] Defendants argue two reasons that any RICO claim Plaintiff seeks to raise are not viable: (1) a RICO claim would be untimely under the applicable four-year statute of limitations because Plaintiff was on inquiry notice in 2006; and (2) the misconduct Plaintiff alleges cannot satisfy RICO's substantive requirements, including the requirement that the illegal conduct be "continuing" to demonstrate a pattern of racketeering activity. Although Magistrate Judge Freeman rejected Defendants' statute of limitations argument, she correctly concluded that Plaintiff cannot properly assert a RICO claim.

**Plaintiff's Substantive RICO Claim Is Insufficient**

In order to state a civil RICO claim, a plaintiff must adequately plead a number of elements, including that the defendant engaged in a "pattern of racketeering activity." *See 18 U.S.C. § 1962(a)-(c)*; *Moss v. Morgan Stanly Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (listing the elements a plaintiff must allege to make out a civil RICO claim). To demonstrate a "pattern of racketeering activity," Section 1961 requires at least two predicate acts of racketeering activity, the last of which must have occurred within ten years after the prior act was committed. *18 U.S.C. § 1961(5)*. Further, a pattern of racketeering activity is shown only if the predicate acts

---

[3] The Court does not separately address the proposed joinder of the Church as a plaintiff. As Magistrate Judge Freeman properly determined, any RICO claim the Church seeks to assert would share the same pleading defects as Plaintiff's proposed claim.

are sufficiently "related" to one another and "amount to, or pose a threat of, continuing criminal activity." *Schlaifer Nance & Co. v. Estate of Andy Warhol*, 119 F.3d 91, 96 (2d Cir. 1997).

Predicate acts are "related" when they "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Id.* at 97. The "continuity" requirement may be satisfied by either an open-ended or closed-ended pattern. *See H.J. Inc. v. Northwestern Bell Tele. Co.*, 492 U.S. 229, 240 (1989). Open-ended continuity requires a showing of "the existence of a threat of continuing criminal activity beyond the period during which the predicate acts were performed," while closed-ended continuity is shown by "a series of related predicate acts which occurred over a substantial period of time." *Gross v. Waywell*, 628 F. Supp. 2d 475, 485 (S.D.N.Y. 2009).

Magistrate Judge Freeman correctly concluded that Plaintiff's proposed amended complaint does not plausibly allege facts demonstrating a pattern of racketeering activity. First, because all predicate acts Plaintiff alleges in support of his wire fraud claim occurred in the distant past and Plaintiff does not allege that they threatened to continue, the acts cannot establish an "open-ended" pattern. These alleged predicate acts also occurred within a 12-month period in 2006 and, thus, cannot reasonably be considered a "substantial period of time" to show "closed-ended" continuity. *See Spool World Child Int'l Adoption Ag.*, 520 F.3d 178, 183 (2d Cir. 2008) (providing that a period of less than two years would rarely be found to establish closed-ended continuity).

More importantly, Magistrate Judge Freeman properly found that the alleged acts of mail and wire fraud did not involve a "complex, multifaceted conspiracy," *Spool*, 520 F.3d at 184, and were subparts of a singular act. *See Continental Petrol. Corp. v. Corporation Funding Partners,*

7

*LLC*, No. 11 Civ. 7801 (PAE), 2012 WL 1231775, at *7 (S.D.N.Y. Apr. 12, 2012) ("The Second Circuit has admonished district courts to take care to ensure that the plaintiff is not artificially fragmenting a singular act into multiple acts simply to invoke RICO"). Plaintiff attempts to transform a garden variety fraud or breach of contract case into a federal RICO claim. Plaintiff has failed to adequately allege the elements of a civil RICO claim.

## CONCLUSION

The Magistrate Judge's Report is adopted in its entirety. Each of Defendants' motions to dismiss the action is GRANTED. The Clerk of the Court is directed to close ECF Nos. 4, 14, 24, 30 and 71. Plaintiff's motion to amend the Complaint is DENIED. The case is dismissed in its entirety.

Dated: New York, New York
      September 25, 2013

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

8